IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

COREY ANDREW TERRY,
Petitioner,

v.   Civil No. 3:20cv889(DJN)

HAROLD CLARKE,
Respondent.

**MEMORANDUM OPINION**

Corey Andrew Terry, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," (ECF No. 1)) challenging the December 12, 2018 revocation of his suspended sentence in the Circuit Court for the County of Stafford ("Circuit Court"). Respondent Harold Clarke has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Terry has responded. (ECF No. 14.) For the reasons set forth below, the Motion to Dismiss (ECF No. 9) will be GRANTED.[1]

**I. PROCEDURAL HISTORY**

On March 26, 2018, the Circuit Court sentenced Terry to forty years of imprisonment for his convictions of second-degree murder and three years of imprisonment for his conviction for use of a firearm in the commission of a felony. (ECF No. 11–3, at 1.) The Circuit Court suspended twenty years of the forty-year sentence on the condition that defendant "be of good behavior" and that Terry "shall have no contact, directly or indirectly, with Crystal Agnor or any

---

[1] The Court corrects the capitalization, spelling, and punctuation in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

member of the Agnor family. The Court notes that if [Terry's] daughter contacts him, he may respond." (*Id.* at 2.)

On December 12, 2018, the Circuit Court conducted a hearing and determined that Terry had violated the terms of his probation by calling Crystal Agnor's phone from prison. (ECF No. 11–8, at 1–34.) On December 13, 2018, the Circuit Court entered a "CONVICTION AND SENTENCING ORDER (REVOCATION)," wherein the Circuit Court revoked the previously suspended twenty-year sentence and resuspended all but five years of that sentence. (ECF No. 11–1, at 1.) Terry did not appeal that decision or file a petition for a writ of habeas corpus with respect to the revocation of that suspended sentence in the Virginia courts. (ECF No. 11, at 2.)

On November 10, 2020, Terry mailed his original 28 U.S.C. § 2254 Petition to this Court. (§ 2254 Pet. 16.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding pleading filed on day prisoner delivered it to the prison officials to forward to the clerk). In his § 2254 Petition, Terry contends that he is entitled to relief on the following grounds:

Claim One     "Ineffective assistance of counsel. While I was waiting for Court in Dec. of 2018, I wrote a letter to my lawyer . . . telling him I did not want him as my lawyer due to a lack of communication. Also, my lawyer failed to give me proper advice and sunk my case. He did not fight after I said ain't want him my lawyer. Made me testify on myself." (§ 2254 Pet. 5.)

Claim Two     "Ineffective assistance of counsel . . . . [Counsel] did not argue that the Commonwealth's evidence was not enough for the conviction and the 5 years given . . . ." (*Id.* at 6.)

Claim Three     "Double Jeopardy." At the revocation hearing, the Commonwealth spent the majority of its time focused on the original murder conviction, rather than on the fact that Terry had violated the terms of his probation. (*Id.* at 8.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Terry's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Terry's judgment became final on Monday, January 14, 2019, when the time for filing a notice of appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring that a notice of appeal be filed within thirty (30) days of the entry of judgment). Accordingly, Terry's judgment with respect to the revocation of his suspended sentence became final on Monday, January 14, 2019. The limitation period ran for well over a year before Terry filed his § 2254 Petition in this Court on November 10, 2020.

Terry contends that the untimeliness of his § 2254 Petition should be excused, because: "I knew nothing of the laws. I have been in a deep depression from [the] death of my father and brother and [it must have] slip my mind on filing." (§ 2254 Pet. 14.) Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of

diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Yang*, 525 F.3d at 929-30 (emphasis added).[2]

Neither Petitioner's ignorance of the law nor his depression constitute the sort of extraordinary circumstance that warrants equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003))); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)); *cf. In re Long Term Admin. Segregration of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999) ("Depression and anxiety are unfortunate concomitants of incarceration . . . ."). Accordingly, Terry's § 2254 Petition is barred by the relevant statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Terry's § 2254 Petition will be DENIED. The action will be DISMISSED. Terry's Motion for Appointment of Counsel (ECF No. 13) will be DENIED.

---

[2] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Terry's allegations here. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. 560 U.S at 635-44. From that description, the Supreme Court concluded that Holland acted with sufficient diligence, because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins — the central impediment to the pursuit of his legal remedy — removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Terry fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 27 2021